Benito SIMPSON, Petitioner—
Appellant,

v.

Anthony C. NEWLAND, Warden,
Respondent—Appellee.

No. 01–17363.

D.C. No. CV–99–00201–WBS–(GGH).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Oct. 11, 2002.

682

Before TASHIMA, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM *

Benito Simpson, a state prisoner, appeals the judgment entered by the district court denying his petition for a writ of habeas corpus. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

The district court properly concluded that the government did not violate its duty to disclosure material evidence favorable to the accused pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

▇ Simpson contends that the prosecutor breached his *Brady* obligations by failing to disclose that one of the prosecution's key witnesses, Rios, was involved in a prior murder-for-hire scheme. However, there is nothing in the record demonstrating that Rios was charged, convicted, or involved in any meaningful way in the prior murder for hire scheme, that he received immunity for testifying in the prior case, that he had ever been a police informant, that he lied to the police, or that he misled the prosecution or trial court in either proceeding. A close examination of Rios' testimony in the prior, unrelated murder trial indicates that there is no reasonable probability that disclosure of this information to the defense would have altered the outcome in this case.[1]

II

▇ The district court also correctly concluded that the trial court did not improperly coerce the jury to reach a verdict. Simpson argues that the trial court unconstitutionally exhorted the jury to reach unanimity, as was the case in *Jiminez v. Myers*, 40 F.3d 976, 980 (9th Cir.1993), and that the trial court failed to "instruct[ ] the minority not to abandon their conscientiously held views merely to secure a verdict," as required by *United States v. Mason*, 658 F.2d 1263, 1267 (9th Cir.1981). However, unlike the circumstances in *Jiminez*, the trial court in this case instructed the jury to undertake further deliberations only on one occasion, after each juror was questioned individually, and after every juror expressed a desire to continue deliberating. Further, the trial court instructed the jury in open court that a deadlocked

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In briefing, Simpson appeared to raise an additional issue as to whether the prosecution should have corrected Rios' testimony pursuant to *Napue v. Illinois*, 360 U.S. 264, 269– 270, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). However, at oral argument, counsel clarified that he was making a *Brady*, rather than a *Napue* argument. This concession was proper because there is no record evidence that the prosecuting attorney had any reason to believe that Rios' testimony might be untruthful.

decision was acceptable, and sent the jury a written reminder that it was not obligated to reach a verdict. Thus, even assuming *arguendo* that the trial court's suggestions on how the jury might revisit its impasse constituted trial error, any prejudice was cured sufficiently by subsequent instruction.

### III

■ The district court also correctly determined that the trial court did not refuse to clarify its instructions for the purpose of coercing a decision in violation of *Packer v. Hill*, 291 F.3d 569, 581–82 (9th Cir.2002). Here, the jury requested clarification from the trial court on two occasions with respect to the relevant state of mind definitions. The trial court responded by reading the prior instructions aloud to the jury and again reminding them to review the written instructions. This did not constitute error, particularly in light of the fact that Simpson does not contend that the original instructions were erroneous. *United States v. Cuozzo*, 962 F.2d 945, 952 (9th Cir.1992) ("We note that the trial court had already amply instructed the jury on the burden of proof. Absent other factors indicative of coercion, we will not infer coercion from the failure to repeat such instructions."); *see also Weeks v. Angelone*, 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000) (finding that a trial court's response to a jury request for clarification is constitutionally adequate if it "direct[s] [the jury's] attention to the precise paragraph of the constitutionally adequate instruction that answers its inquiry").

### IV

■ The district court did not err in concluding that habeas relief was not warranted on the basis of juror misconduct. Upon learning that the jury may have been exposed to a newspaper article containing potentially prejudicial information about the defendant, the trial court questioned each juror and concluded that no juror had read the article. Given this record, the district court concluded that no constitutional violation had occurred. *See United States v. Berry*, 627 F.2d 193, 197 (9th Cir.1980) (finding the trial court's conclusion of no misconduct proper under circumstances in which it questioned a juror who admitted reading inadvertently the first few lines of a newspaper article and was satisfied that the juror had not read prejudicial information contained later in the article).

Similarly, the trial court's timely discovery of the dictionary in the jury room, coupled with its issuance of a curative instruction, removed any prejudice resulting from any improper dictionary consultation. *Karis v. Calderon*, 283 F.3d 1117, 1129 n. 6 (9th Cir.2002) (affirming a district court's finding that even though one or more jurors consulted the dictionary for the definition of "circumstantial," there is no evidence of jury misconduct).[2]

AFFIRMED.

---

2. The State originally contended that Simpson's claims were procedurally barred. However, at oral argument, it correctly withdrew that argument in light of *Bennett v. Mueller*, 296 F.3d 752, 758 (9th Cir.2002), which was decided after this case was briefed.